NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMIAN LOPEZ AYALA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3469 <br><br> Agency No. <br> A200-244-953 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Damian Lopez Ayala ("Lopez") petitions for review of an order by the

Board of Immigration Appeals ("Board") denying his motion to reopen. We have

jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

Lopez is a native and citizen of Mexico who arrived in the United States in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1985 when he was less than one year old. In January 2005, he was convicted of domestic battery in violation of California Penal Code ("CPC") § 243(e)(1). As a condition of probation, the California state court issued a protective order under CPC § 136.2 and ordered that Lopez not "molest, annoy, threaten, harass or stalk" his victim. In June 2005, however, Lopez was convicted of stalking in violation of CPC § 646.9(a) and contempt of court in violation of CPC § 166(c)(1) for violating the domestic violence protective order.

In 2011, after the federal government commenced removal proceedings, Lopez applied for cancellation of removal for non-permanent residents, asserting that his deportation would result in "exceptional and extremely unusual hardship" to his mother, who is a legal permanent resident. *See* 8 U.S.C. § 1229b(b). An immigration judge ("IJ") determined that Lopez was statutorily ineligible for cancellation of removal because his conviction under CPC § 166(c)(1) constituted a conviction for violating a "protection order issued by a court" under 8 U.S.C. § 1227(a)(2)(E)(ii). The Board affirmed, we denied Lopez's petition in March 2023. *Lopez Ayala v. Garland*, No. 21-682, 2023 WL 2535964, at * 1 (9th Cir. Mar. 13, 2023).

Lopez then filed a motion in California state court to vacate his convictions for domestic battery, stalking, and contempt of court, which the state court granted pursuant to CPC § 1473.7. Lopez subsequently filed the instant motion to reopen

with the Board, which the Board denied for four reasons.  First, the Board noted that Lopez had failed to file his motion within the required 90 days, *see* 8 U.S.C. § 1229a(c)(7)(C), and concluded that he was not entitled to equitable tolling because he did not act "with due diligence in seeking the vacatur of his conviction." Second, even if the deadline were equitably tolled, the Board determined that Lopez did not establish a "prima facie case of eligibility" for cancellation of removal.  Third, the Board determined that even if Lopez's proceedings were reopened, he likely would not receive a "favorable exercise of discretion" because of his history of criminal conduct separate from his vacated convictions.[1]  Finally, the Board declined to exercise its discretionary *sua sponte* authority to reopen. Lopez timely petitioned for review.

"There are at least three independent grounds on which the [Board] may deny a motion to reopen." *INS v. Abudu*, 485 U.S. 94, 104 (1988).  First, the Board may hold that the movant has not established a prima facie case for the underlying substantive relief sought. *Id.*  Second, the Board may hold that the movant has not introduced previously unavailable, material evidence. *Id.*  And third, "in cases in which the ultimate grant of relief is discretionary . . . the [Board] may leap ahead, as it were, over the two threshold concerns (prima facie case and new

---

[1]    In addition to his vacated domestic battery, stalking, and contempt of court convictions, Lopez was previously convicted of petty theft and received two DUI convictions.

evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *Id.* at 105

Here, the Board denied Lopez's motion on each of these three "independent grounds." However, in his opening brief before us, Lopez focuses exclusively on only the first two grounds on which the Board denied his motion, and does not challenge the third ground that he would not receive a "favorable exercise of discretion." Lopez has therefore waived his right to challenge the Board's decision on this basis. *See John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011). Because this third ground is dispositive, the **PETITION FOR REVIEW IS DENIED**.[2]

---

[2] The existing Stay of Removal (Dkt. 3) will dissolve when the mandate issues.